<hr />

NICHOLS & SHEPARD COMPANY
v.
M. F. BACHANT.

*Agency—Sale of Machinery by Agent—Claim for Commission—Alleged Breach of Conditions by Agent—Forfeiture Not Favored.*

Where a contract between a manufacturer of machinery and one of his agents, who sold on commission, provided that in case of a violation

of the contract by the agent he should forfeit his commission in a certain transaction, the agent having been guilty of a technical violation of the conditions, resulting in no damage to the manufacturer, this court holds that the manufacturer having apparently acquiesced in the agent's conduct for some time, the forfeiture was waived and the agent entitled to his commission.

[Opinion filed December 12, 1892.]

APPEAL from the Circuit Court of Kankakee County; the Hon. ALFRED SAMPLE, Judge, presiding.

Mr. EDWARD E. DAY, for appellant.

Mr. H. K. WHEELER, for appellee.

MR. JUSTICE LACEY. This was a suit by appellant against appellee to recover the sum of $183.14, due for money received by the latter for machinery and machinery supplies sold as the agent of appellant. The appellee's offset account was for commissions claimed by him to be due from appellant under his contract for the sale of machinery for appellant, amounting to considerable more than the claim sued on. The case was tried before a jury and resulted in a verdict over against appellant of $200. Upon motion for new trial the appellee remitted $133, and the court overruled the motion for a new trial and rendered judgment on the verdict for the amount of $67. The appellee was engaged in the retail sale of agricultural implements in the city of Kankakee, Ill., and appellant was engaged in the manufacture of threshing machines and engines at Battle Creek, Mich. The appellee's claim for commissions was based on the sale of two machines, one to D. A. Frechette, a farmer, and the other to one Duggan. The amount of the claimed commissions on the Duggan sale was omitted, hence that question is out of the case and need not be further alluded to. There is no dispute but the commissions of about $250 would be due appellee for the sale of the engine and machine to Frechette unless it was forfeited, as claimed by appellant. The forfeiture is claimed by appellant under a provision in the con-

tract between it (a corporation) and appellee, as its agent, to
sell machines for it. The contract bore date February 15,
and was to run till November 1, 1888. The appellee was to
have twenty per cent on sales on all moneys actually received
for machinery, and by a telegram in May following he was to
have five per cent in addition, or twenty-five per cent in all.
There was enough money, it is conceded, received by appel-
lant on the sale of the machine to Frechette, to make the com-
mission amount to the $250. There was a clause of forfeiture
in the agreement in case appellee violated any of its condi-
tions, of all commissions, and an agreement for him to pay
the list price out of his own funds. The question arises on
this record, was the claim of forfeiture waived by appellant
as to appellee's commissions on the Frechette sale. In de-
termining this we will recur to the circumstances, which
were about as follows: During the summer of 1888 appel-
lee had negotiations about the sale of a machine, and they
agreed on terms and price, and appellee sent Frechette to
Battle Creek to look at the machine. Appellant had no new
machines on hand but sold a rebuilt engine and new thresh-
ing machine to Frechette, which was shipped to appellee to
Kankakee, and bill of sale sent with it showing the terms of
sale, with notice accompanying not to deliver till regular
order was signed by purchaser and settlement made in full.
The appellee allowed Frechette, however, to take the ma-
chine on trial, and the more he tried it the worse it leaked.
The appellee says he let him take it along because he thought
the company could fix it. Appellee notified the company
and it came two or three times but could not make it work.
Appellee took them out in the country to try and fix it. It
ran along until January following. Then the appellant
came around and had a chattel mortgage and took its agent
out to Frechette to get the settlement fixed up with him.
Appellee paid the expenses of the trip. The appellant made
no objection because appellee let the machine go on trial up
to that time. Frechette refused to sign the mortgage. At
another time appellant left figures with appellee for settle-
ment with Frechette. The appellant took the old machine

back and shipped Frechette a new one, but not through appellee, and took the notes itself. The old machine, after repeated trials, could not be made to work, and appellant was compelled, in order to save the trade, to supply Frechette with a new one. This appears undisputed.

The machines were all sold on warranty, and even if appellee had required settlement before Frechette had taken the machine, appellant would have had to take the machine back and been put to the same expense it was put to as the matter was. Forfeitures of this nature are not favored in law and are easily waived. The violation of appellant's rules was merely technical and resulted in no damages to it. After Frechette had taken the machine on trial the appellant continued to employ the appellee in and about the matter of the negotiations, putting him to considerable expense. It never mentioned forfeiture of commissions to appellee or asked him to pay for the machine. If the appellant had intended to insist on the forfeiture it should have notified the appellee at once, and not by its conduct led him to suppose that it was making no objections to what he had done, and especially when by its own fault in sending a defective machine, it put him to this trouble, and the appellee was also put to trouble and expense. We are satisfied that appellant did not intend at the time to claim the forfeiture of appellee's commissions. Under the circumstances appellant is equitably estopped from insisting on the forfeiture of appellee's commissions. The appellant has received full value for the machine sold to Frechette and has had the services of appellee in the matter, as well as his bother and trouble with the old machine which appellant should never have sent for sale. The judgment of the court is just and in accordance with the law and the evidence. The judgment is therefore affirmed.

*Judgment affirmed.*